[Allen, Ex'r v. Draper.]

## Allen, Ex'r *v.* Draper.

*Petition in Probate Court by Legatee, Requiring Executor to Give Bond.*

1.   *A sufficient petition under § 2025 of Code.*—A sworn petition setting out that petitioner is a legatee under the will, that the executor is without bond, the extent *prima facie* of petitioner's interest in the estate, that the interest of petitioner in the estate requires that the executor give a good bond, and that said interest will be endangered for the want of security, is sufficient under the statute, and a demurrer thereto properly overruled.

2.   *Same; irrelevant answer.*—An answer to a petition under § 2025, requiring executor to give bond, setting out that the entire estate would be exhausted in the payment of debts, and that there would be no interest left to the petitioning legatee, presents an irrelevant inquiry.

3.   *Same.*—It is equally irrelevant, in such answer, to attempt to show that the estate was of such character that it could not be wasted by the executor

4.   *Bill of exceptions not purporting to set out all the evidence.*—A bill of exceptions which does not purport to set out all the evidence on the trial of a cause leaves this court to presume that there was other evidence supporting the conclusions of the trial court.

5.   *Exceptions based on objections to questions not answered.*—Exceptions based on objections to questions asked, which do not appear to have been answered, cannot avail.

APPEAL from Calhoun Probate Court.

Heard before the Hon. EMMETT F. CROOK.

Lula M. Draper filed her petition in the Probate Court of Calhoun county, alleging that she was one of the legatees under the will of Ephraim D. Allen, deceased, and that J. Baxter Allen, was appointed the executor of said will without being required to give bond; that petitioner was interested in said estate, and its administration to the extent of the property bequeathed to her by said will. A copy of the will was attached, and made a part of the petition. It further set out that letters testamentary had been granted to said J. Baxter Allen, without bond; that the interest of petitioner as legatee under the will required that said J. Baxter Allen, should give a good and sufficient bond in the administration of said estate, and that said interest would be endangered for the want of security, and prayed that said executor be required, after hearing, to execute a good bond, &c.   This petition was sworn to.   To this petition, the executor demurred on the grounds, (1), that the peti-

tion failed to allege what interest the petitioner had in said estate ; (2), that the interest of petitioner under the will was uncertain and indefinite ; (3), that no facts are alleged in the petition which would authorize the court to require or determine the amount of the bond. The court overruled this demurrer, and the executor filed his answer setting out, (1), that the personal property of said estate was not of value sufficient to pay the debts of the estate ; (2), that a bill had been filed in the city court of Anniston to construe the will, stating in what respect, and that the bulk of the notes and securities of the estate would not be due in five years, and that the same was insolvent, (3), that the executor had no property in or power over any of the real estate except to sell the same by order of the court to pay debts ; (4), that it would take all the personal property which was available, and all the property devised in the general clause of the will, to pay the debts and charges of the estate, and that the petitioner had no interest in the estate that could be protected by bond.

The petitioner assigned the following grounds of demurrer to this answer; (1), the return or answer does not show any reason or cause why the executor should not be required to give bond ; (2), the answer shows that the executor should be required to give bond ; (3), it is not competent in this form of proceeding for the executor to set up, as is done in the answer, that the interest of petitioner will be exhausted or consumed by the payment of the debts of the estate. The court overruled the demurrer of petitioner and a trial was had upon the petition and answer, resulting in favor of the petitioner, and requiring the executor to give bond, or in default, be removed. From the order or decree of the court this appeal is taken. A bill of exceptions was reserved by the executor in which it is shown that during the hearing, a number of questions were asked a witness in regard to the value of different portions of the estate, (which seem, however not to have been answered), to which questions the respondent (executor) objected, the objections were overruled, and exceptions were taken, and are here assigned as error, together with the ruling of the court on respondent's demurrers.

E. H. HANNA and WM. M. HAMES, for appellant. (No brief.)

KNOX and BOWIE, for appellee, cited, *Smith v. Phillips,* 54 Ala. 8 ; *Phillips v. Smith,* 62 Ala. 575.

McCLELLIAN, J.—Section 2025 of the Code provides: "Any testator may, by an express provision in his will to that effect, exempt an executor from giving bond; and when such provision is made such bond must not be required except in the following cases:

1. When any executor, heir, legatee, or other person interested in the estate, makes affidavit, showing his interest, and alleging that such interest is, or will be endangered for want of security.

2. When in the opinion of the Judge of Probate, the estate is likely to be wasted to the prejudice of any person interested therein." Section 2026 provides: "In the cases provided for by the preceding section, upon application for the executor to give bond, he may show cause against such application, and must have such notice as the judge may deem reasonable; but if he is out of the State, the application may be heard and determined without notice."

The affidavit of Lula M. Draper, presented in the·form of a sworn petition to the probate judge in this case with the exhibition thereto of the will of her ancestor, complies strictly with the 1st exception in section 2025, *supra*. The petition and the will, made a part of it, show that Allen is executor of the will of affiant's father, E. D. Allen, deceased, without bond, that affiant is a legatee under that will and the extent *prima facie* of her interest in the decedent's estate, and avers that "the interest of petitioner as legatee under said will requires that said J. Baxter Allen be required to give good and sufficient bond in the administration of said estate, and that said interest will be endangered for the want of security." This sworn petition was manifestly sufficient under the statute, and the court committed no error in overruling the demurrers to it.

Allen, the executor, undertook to show cause against the requisition of bond as he is permitted to do under section 2026, *supra*. The burden of this effort was upon him. The legatee, by the filing of the affidavit required by the statute, entitled herself to an order requiring bond to be given, there being no controversy as to the fact that she was a legatee. Section 2026, imposes no further burden on her. Its sole purpose was to let in the executor to show cause, if any he could, why the relief prayed in the petition, and which was grantable as matter of course in the absence of adverse showing, should not be granted. To this end the executor filed an answer, the leading theory of which was that petitioner had no interest in the estate, notwithstand-

[Allen, Ex'r v. Draper.]

ing she was named as a legatee of very considerable property in the will, because, as is alleged, the entire estate would be exhausted in the payment of debts and charges imposed by the will so that nothing could be left to pass under the bequest and devise to Mrs. Draper. This presented an wholly irrelevant inquiry. The question is not what the affiant will ultimately realize under the will, but solely whether by the terms of the instrument she is a legatee under it. In such case it is no more competent to go into an investigation as to whether her legacy would be exhausted in the payment of debts, or in any other manner authorized by the will, whether, in other words, she would in any event ultimately realize anything under the will, than it would be to inquire on the petition and affidavit of a creditor whether defenses existed which would ultimately defeat his claim ; and that this can not be done has been expressly declared by this court.—*Smith v. Phillips,* 54 Ala. 8 ; *Phillips v. Smith,* 62 Ala. 575.

The answer further proceeds on the idea that the property of the estate is of such character as that it could not be wasted by the executor. Whether this could be true in any case we are not called upon to decide. Conceding that cause might be shown at all in this way against the requisition of security, it has not been shown in this instance. A bill of exceptions is found in this transcript. Its purpose seems to be to present for review certain rulings of the Probate Court in the admission and exclusion of testimony. It does not purport to set out all the evidence. In such case though every averment of the answer had presented a material issue, and though the evidence which is set out in the bill of exceptions had tended strongly to support such averments, we should still have to presume that there was other evidence overturning these tendencies and fully supporting the contrary conclusion of the trial court. Nor will the exceptions reserved on the admission of testimony avail appellant. The objections were to *questions.* They were overruled. But it does not appear that the questions were answered, and the exceptions reserved are to the overruling of the objection to the interrogatories and not to the admission of illegal testimony. For aught that appears, even conceding that each of the questions called for incompetent evidence, it may well be that no illegal testimony was in fact adduced before the court. Moreover, if the proposed testimony was illegal and was actually received, we should still have to assume that the competent evidence introduced justified the order entered by the probate judge.

Affirmed.