[Cronk v. Cronk, et al.]

# Cronk *v.* Cronk, *et al.*

### Bill to Remove Administration Into the Chancery Court and Require Executor to Give Bond.

(Decided Nov. 22, 1906.   42 So. Rep. 450.)

1. *Executors; Bond; Provision in Will; Administration in Equity.*
   —The provisions of Section 67, Code 1896, applies as well to the chancery courts as to the probate court, where an estate is removed from the latter to the former, as the chancery court must follow the rules which govern the probate court in the administration of estates; and the executor may be required to make the bond provided by said Section, though acting under a will exempting him from giving bond.

2. *Same; Bill to Remove Administration and Require Bond.*—The remaindermen and devisees, under the will, filed their bill to remove the administration of the estate from the probate to the chancery court, and to require the executor to give bond, alleging that decedent left a will appointing respondent executor without bond, that the estate consisted of real property, that the will gives respondent dangerous discretionary powers, which, if unrestrained, will cause the remaindermen's interest to suffer loss, that defendant possesses but little means of his own and intends to enjoy the property of the estate without reference to the interest of the remaindermen. The will is attached and authorizes the respondent, as an individual and as executor, to dispose of the property in any manner and reinvest as he deems best. Held, the bill was not subject to demurrer, as the averments were sufficient to bring the same within the influence of Section 67, Code 1896.

APPEAL from Mobile Chancery Court.

Heard before HON. THOMAS H. SMITH.

Suit by Edith Cronk and others against James William Cronk. Demurrer to the bill was overruled, and defendants appeal.

See 37 South. 828.

This bill was exhibited by the appellees, as the remaindermen and devises under the will of their deceased mother, against the appellant, as executor of the will

and in his individual capacity, and sought to remove the administration of the estate into the chancery court, to require the appellant to enter into bond and security conditioned to faithfully perform the trust and deliver the corpus of the estate to those entitled thereto after the expiration of his life estate therein and requiring him to administer the estate under the jurisdiction of the chancery court, and to restrain him from making any sales or other disposition of any said estate without the consent of and under the guidance and control of said court, and upon failing to give such bond to remove him from said executorship and trusteeship, and for the appointment of a suitable trustee. The allegations of the bill are that, at the time of the marriage of appellant and the deceased mother of appellees, the mother was the owner and possessor of certain real estate in the city of Mobile, which is particularly described, and that such real estate constitutes all of the estate of the said decedent; that decedent left a last will and testament naming appellant as executor; that the will has been admitted to probate, and letters testamentary issued to said appellant. It is further alleged that, at the time of the marriage of appellant and appellee's mother, the mother was possessed of considerable other estate than the estate herein described, but that during the married life of the parents they sold off and consumed, in living expenses and otherwise, a large portion of said property, and that it is still the policy of appellant to obtain full control and power of disposition of said property, so that he may enjoy the same to the fullest extent, regardless of the question of preserving the same for those entitled to the remainder interest therein. It is further alleged that appellant is given large and dangerous discretionary powers over the estate, and that, unless restrained by security and unless required to administer the estate under the direction and control of this court, the remaindermen's interests in such property are likely to suffer great injury and loss. It is further alleged that Cronk was possessed of very little or no means of his own. It is also alleged by way of amendment that the ultimate right of all of the property mentioned and described in the bill will be greatly endangered to complain-

ants, for want of security, unless the said executor and trustee is required to give bond and security as prayed for, and that no proceeding has been instituted in the probate court looking to the final settlement of said estate in the probate court. The bill was sworn to. The will was attached as an exhibit to the bill. By the third paragraph thereof the complainants in the bill were named as remaindermen after the death of the respondent. There were other conditions, not necessary to be here set out, in reference to the further disposition of the property upon the happening of certain contingencies. The respondent was named as executor without bond. He was further authorized as executor, and after the closing of his administration, as an individual, to rent, hire, lend, sell, dispose of, and invest, in any manner and on such terms as he may deem best, any property. real, personal, and mixed, belonging to decedent at the time of her death, and to execute and deliver to purchasers, lesses, and hirers of such property. all necessary papers, contracts, or leases as he may deem advisable, without obtaining any authority from any court whatever. He was also invested with power, as the executor and as an individual, to sell any property, to make deeds therefor, and to invest and reinvest the same in any other property—in other words, do almost anything he pleased with the property; and his receipts as an individual to himself as executor for the assets of the estate should operate and be accepted by the court as a full discharge and acquittal to him as such executor for any balance.

There was demurrer to the bill: "First, because the bill shows that this defendant is expressly relieved from giving bond or security, as executor or trustee. and fails to allege that the interest of these complainants is or will be endangered for the want of such security; second, the bill shows that respondent is expressly vested under the terms of the will with large discretionary powers, and asks that these powers be withdrawn and restricted, yet fails to allege that the defendant has violated or threatened to violate said trust; third. the bill fails to allege that respondent is insolvent or that there is good reason to apprehend his insolvency; fourth, it fails to

[Cronk v. Cronk, et al.]

allege any facts showing the respondent to be an unsuitable person to execute such trust; fifth, the bill shows that the interest of complainants is in the corpus of the estate of said decedent, and fails to allege that the respondent has, either individually or as executor or trustee, sold or disposed of, or is about to sell or dispose of, any part or parcel of the corpus of said estate; sixth, because the bill shows that complainants have no inerest in or right to any of the incomes, rents, and profits of the estate, but only in the corpus, and fails to show that the defendant is wasting or endangering said corpus, or acting otherwise than strictly within the powers conferred on him by the terms of the will; seventh, because it appears that said trustee is invested with large discretionary powers in the management and control of said estate, and is not accountable to any one or any court as to how he has or does discharge that duty, except for fraud, willful neglect, or breach of duty, neither of which is alleged in the bill; * * * tenth, because said bill of complaint fails to allege that said complainants have any interest in said property which gives them any right to invoke the aid and control of this or any other court over its disposition, but shows, on the contrary, that they have no such interest."

W. J. Young, and Bestor, Gray & Bestor, for appellant.—A trustee cannot be interfered with or removed except for cause, and even then regard is had for the wishes of the author of the trust to be gathered from the instrument.—Stephenson's Appeal, 69 Penn. St. 101; Perry on Trusts, (2nd Ed.) §§ 275-279. Until it appears that the trustee is not carrying out the purposes of the trust or that the discretion vested in him is mischievously or ruinously exercised, the court will not and cannot assume jurisdiction for the administration of the trust.—Jones v. McPhillips, 86 Ala. 102; McDonald v. McDonald, 92 Ala. 544; Laird v. Laird, 125 Ala. 135; Meyer v. Trustee, 21 Ill. App. 223. Presumption is always indulged in the good faith and proper discharge of duty by the trustee and facts necessary to abut this must be specifically and expressly averred.—Mass. Mut. Ins. Co., 121 Ill. 109; Munn v. Burgess, 70 Ill. 604; Happy

[Cronk v. Cronk, et al.]

*v. Mort n*, 33 Ill. 398. Where the instrument creating a trust directs that no bond shall be given by the trustee he cannot be required to give such bond unless he has violated some duty.—*Ex parte Kilgore*, 120 Ill. 94; *Laird v. Laird, supra.* Tested by the well settled rules of pleading the bill were subject to the demurrers interposed.—*Cameron v. Abbott*, 30 Ala. 416; *City Council v. Hughes*, 65 Ala. 203; *Crawford v. Cresswell*, 55 Ala. 497; *Laird v. Laird, supra; Preston v. Wilcox*, 38 Mich. 583; *Cooper v. Cooper*, 5 N. J. Equity, 9.

WILLIAM C. FITTS, for appellee.—The court properly overruled the demurrers to the amended bill.—*Cronk v. Cronk*, 37 So. Rep. 828 and authorities there cited; *Bethea v. Bethea*, 116 Ala. 271; *Bromberg v. Bates*, 112 Ala. 364.

TYSON, C. J.—This bill is exhibited by the devisees under the last will and testament of Mrs. Geneta M. Cronk, deceased, against James W. Cronk, who was by the will appointed executor, and to whom letters testamentary were granted by the probate court of Mobile county, where the will was admitted to probate. The purpose of the bills is to remove the administration from the probate court, where it is now pending, into the chancery court, and to require the executor to give a bond for the faithful discharge of his duties. By the express provisions of the will the executor is exempt from giving bond, and power and authority is conferred upon him to sell or otherwise dispose of, in any manner and upon such terms as he may deem best, all property, real, personal, and mixed, owned by the testatrix at the time of her death, and to execute and deliver to purchasers conveyances without obtaining authority to do so from any court.

The respondent, prior to the filing of the bill, had become a nonresident of this state, and was at the date of its filing a resident of the state of Georgia and possessed little or no means. It is also averred in the bill that complainants' ultimate right to all the property, which consists of real estate and in which they have a remainder interest, the executor owning a life estate, will be endangered for want of security unless the respondent be

[Cronk v. Cronk, et al.]

required to give the bond as prayed. It will be observed, if this be important, that the authority conferred upon the respondent by the will to sell or dispose of the property, if sold or disposed of pending his administration of the estate as executor, must be exercised by him as such. After a final settlement by him of his administration, the sale or disposition is by him as an individual. It is thus made to appear that a distinction is drawn in the will between the exercise of the power of discretion by him by virtue of his office as executor and that of trustee. Section 67 of the code of 1896 confers upon these complainants the right to require the respondent, as executor, to give bond upon showing their interest in the estate and "alleging that such interest is or will be endangered for want of security." It may be said that this section has application only to proceedings of the same nature as this when instituted in the probate court, and therefore does not apply to the present bill. The right conferred by the statute is one of mere form, but a substantial one, and there is no good reason why it should not be recognized and enforced in the chancery court when the object sought to be accomplished is the same as would be the one upon petition exhibited for the same relief in the probate court. When an administration is removed into the chancery court, that court is controlled and must follow the rules of law which would obtain in the probate court in the settlement of the administration of estates.—*Sharp v. Sharp*, 76 Ala. 312.

Were this a proceeding by petition in the probate court, there would be no doubt of the sufficiency of the averments.—*Allen v. Draper*, 98 Ala. 590, 13 South. 529. The fact that it is a different jurisdiction can make no possible difference. We therefore hold that the allegations of the bill, conforming as they do to the requirements of the statute, are entirely sufficient, and that the demurrer was properly overruled.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.