(114 So. 909)

### FARMERS' BANK & TRUST CO. v. BORROUGHS. (2 Div. 922.)

Supreme Court of Alabama. Dec. 22, 1927.

**1. Executors and administrators ⚯26(1)—** Averments in sworn bill, substantially in terms of statutory affidavit, sufficiently present issue whether executor, exempted by testator from giving bond, should be required to give one (Code 1923, § 5763, subd. 1).

Averments in a sworn bill, substantially in the terms of Code 1923, § 5763, subd. 1, relative to proceedings to require an executor, exempted by the will from giving bond, to be bonded, sufficiently present the issue raised by an interested party whether bond shall be required.

**2. Executors and administrators ⚯26(1)—** Beneficiary's interest is not "endangered" because executor is not bonded, unless prejudicial waste is likely to result (Code 1923, § 5763).

Whether the interest of a beneficiary under a will is "endangered" because the executor is not under bond, since the will exempted him from giving bond, is answered under Code 1923, § 5763. by determining whether the estate is likely to be wasted to the prejudice of persons interested unless the executor is required to give security.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Endanger.]

**3. Executors and administrators ⚯26(1)—** Averments in bill, on information and belief by interested party, that estate was "likely to be wasted to the prejudice" of complainant's interest unless executor was bonded, held sufficient (Code 1923, § 5763).

Averments in a bill, on information and belief by one interested in distribution of testator's estate, that the estate was "likely to be wasted to the prejudice" of complainant's interest unless the executor was, under Code 1923, § 5763, required to give bond, from which requirement he had been exempted by the will provisions, *held* sufficient to present the issue whether bond should be required.

**4. Equity ⚯319—** Affidavit of verification on information and belief should state affiant's belief that averments "are true," not merely that they "are believed to be true."

In an action by one interested in the distribution of an estate and seeking to obtain general relief and place the executor under bond, *held*, that an affidavit of verification on information and belief should state affiant's belief that the averments of the affidavit "are true," and not merely his information and belief that they "are believed to be true."

**5. Executors and administrators ⚯26(1)—** Where question of requiring executor to give bond is raised by duly verified bill, executor has first burden of showing no necessity (Code 1923, § 5763).

Where the question of requiring an executor, exempted by the will from giving bond, to give bond is raised, under Code 1923, § 5763, by a duly verified bill, the executor has the first burden of showing that there is no necessity for a bond.

**6. Executors and administrators ⚯26(1)—In** hearing on distributee's bill seeking to have executor bonded, quantum of distributee's share is immaterial (Code 1923, § 5763).

In hearing on a bill pursuant to Code 1923, § 5763 seeking to have an executor bonded, such executor having been exempted by the will from giving bond, no inquiry is made as to the quantum of the distributee's share on final settlement, but it is sufficient that he is a distributee entitled to share in whatever may remain after debt payments.

**7. Executors and administrators ⚯26(1)—In** bill by beneficiary against executor for beneficiaries' common benefit, attorney's fees held allowable only under statute as part of costs (Code 1923, § 6261).

Attorney's fees for counsel of a will distributee for services rendered in a proceeding against the executor for the beneficiaries' common benefit *held* allowable only under Code 1923, § 6261, as part of the costs of suit.

---

**8. Executors and administrators ⊛➔26(1)— Right to, and measure of, distributee's attorney's fees in suit against executor for beneficiaries' common benefit depends on results (Code 1923, § 6261).**

The right to attorney's fees by a will distributee filing bill against the executor for the beneficiaries' common benefit does not, under Code 1923, § 6261, accrue before or on the filing of the bill, but both the right and measure of allowance depend upon results obtained; compensation being limited to paying for services that are for the common benefit.

**9. Executors and administrators ⊛➔26(1)— Under statute allowing complainant attorney's fees in certain proceedings, one employing attorney in suit against executor is primarily liable to attorney (Code 1923, § 6261).**

Under Code 1923, § 6261, allowing the complainant in certain proceedings his attorney's fees, distributee under a will employing an attorney in a suit against the executor, for the common benefit of all beneficiaries, is primarily liable to such attorney for his services.

**10. Executors and administrators ⊛➔26(1)— Request for allowance of attorney's fees, in distributee's suit against executor for common benefit, is sufficient if in prayer or in petition upon costs adjudication (Code 1923, § 6261).**

The request for an allowance of attorney's fees, under Code 1923, § 6261, in a distributee's suit against an executor for will beneficiaries' common benefit, may appear in the prayer only, or it may be presented by the petition when the costs are being adjudicated.

**11. Executors and administrators ⊛➔26(1)— Allegations of bill by distributee against executor for beneficiaries' common benefit requesting attorney's fees held not demurrable (Code 1923, § 6261).**

In a bill by a will distributee against the executor for the common benefit of beneficiaries, the feature of the bill requesting allowance of attorney's fees, under Code 1923, § 6261, *held* not demurrable as being wholly bad, too broad, or wanting in elements of good pleading, hence not a proper subject of demurrer.

Appeal from Circuit Court, Wilcox County; Thomas E. Knight, Judge.

Bill in equity by Fannie P. Borroughs against the Farmers' Bank & Trust Company, as executor of the estate of William M. Borroughs, deceased, and another. From a decree on demurrer to the bill, the named respondent appeals. Affirmed.

A. S. Johnson, of Thomasville, and Pettus, Fuller & Lapsley, of Selma, for appellant.

The averments of the bill are insufficient as one to require bond by the executor. Code 1923, § 5763. Services rendered by attorney which are not for the common good of all should not be paid for out of the common fund. Dent v. Foy, 214 Ala. 243, 107 So. 210; Code 1923, §§ 6261, 9319.

B. M. Miller, of Camden, for appellee.

The averments of the bill are all verified, and sufficient for the court to require the executor to give bond. Code 1923, § 5763; Allen v. Draper, 98 Ala. 590, 13 So. 529. Whether complainant is entitled to allowance for attorney's fees is not raised by the demurrer, but a bill to require the executor to give bond and make settlements is for the benefit of all. Dent v. Foy, 214 Ala. 243, 107 So. 210; Coker v. Coker, 208 Ala. 239, 94 So. 308; Ex parte McLendon, 212 Ala, 403, 102 So. 696; Code 1923, § 6261.

BOULDIN, J. This is a bill in equity filed by the widow of a decedent against the executor of the estate for the following purposes: To remove the administration into a court of equity; to require the executor to give bond; to require an inventory of the personal estate to be filed and a report of rents received; to set apart homestead and personal exemptions to widow and minor children; to assign dower, and to require payment to the dowress of all rents received by the executor from the dower lands; to sell the standing timber on the lands of the estate for the payment of a mortgage indebtedness thereon, and pay the widow a ratable proportion of any balance derived from timber sold from the dower lands to make final settlement of the estate; and to ascertain and decree reasonable attorney's fees for complainant's solicitor, to be paid from the common fund.

Demurrers to certain aspects of the bill were sustained, and demurrers to the bill as a whole and certain other aspects were overruled.

The appeal is by respondent to review the decrees overruling the demurrers challenging the sufficiency of the bill in two aspects: First. In the matter of requiring an executor's bond. Second. As regards the claim for solicitor's fees.

The testator, by express provision, exempted the executor from giving bond. In such event, bond must not be required except in the following cases:

"1. When any executor, heir, legatee, or other person interested in the estate, makes affidavit, showing his interest, and alleging that such interest is, or will be, endangered for want of security.

"2. When, in the opinion of the judge of probate, the estate is likely to be wasted, to the prejudice of any person interested therein." Code, § 5763.

[1] Averments in a sworn bill in equity, substantially in the terms of the statutory affidavit prescribed in subdivision 1, above quoted, are sufficient to present the issue. Cronk v. Cronk, 148 Ala. 337, 342, 42 So. 450; Allen v. Draper, 98 Ala. 590, 13 So. 529.

[2] Subdivision 2 is in the nature of an elaboration or definition of the term "endangered". Is the estate "likely to be wasted to the prejudice of any person interested" is the test of whether such interest is "endangered" for want of security.

The bill before us alleges:

"The complainant, on information and belief, and from the way this estate has been managed as appears from the records, avers that the estate is likely to be wasted to the prejudice of the widow and minor children of decedent, who are the interested persons therein under the will and under the statutes, and the executor should be required by the court to give bond."

Then follow averments that the executor has had possession of the property for two years; had filed no inventory; had rented lands privately, and made no reports as required by law; had set apart no exemptions, etc.

[3] The facts touching the management of the estate being better known to the executor, and accessible to complainant mainly on information, we deem it sufficient to aver on information and belief that the estate was "likely to be wasted to the prejudice" of complainant's interest. The averments of the bill were sufficient. Whether the executor was insolvent, or there was fraud and mismanagement, was a matter of evidence.

[4] The demurrer raised no question of the sufficiency of verification of the bill. We concur in the suggestion of the trial court that the affidavit is not as full or positive as it should be. It should depose on information and belief that the averments of the bill are true, not merely that they "are believed to be true."

[5] When duly verified, the burden is first on the executor to show no necessity for a bond.

[6] No inquiry is made on such hearing as to the quantum of the share of the distributee on final settlement. Sufficient that he is a distributee entitled to share in whatever may remain after payment of debts. Allen v. Draper, 98 Ala. 590, 13 So. 529.

The claim for attorney's fees is set forth in the body of the bill, eighteenth section, in the following words:

"The complainant avers and claims she is entitled to receive reasonable compensation for her solicitor of record for filing this bill and prosecuting this cause for all the purposes therein noted, to be paid to said solicitor by the executor of this estate out of the funds or property of the estate."

The prayer asks for such relief. The demurrer challenged the claim for attorney's fees under some aspects of the bill, among them the right of a distributee to institute proceedings for the sale of property of an estate for the payment of debts—property in the hands of the executor in course of administration. Demurrer was sustained going to the equity of this feature of the bill. The trial court, in his first ruling on demurrer limited the matter of counsel fees to services in procuring the execution of a bond by the executor. On rehearing, he overruled the demurrer to this feature of the bill as a whole.

[7] Attorney's fees to counsel for a distributee in a bill or proceeding of this character are allowable only under section 6261 of the Code as part of the costs of the suit. The claim therefor is no part of the equity of the bill, but merely incidental and supplemental in character.

[8] The right to attorney's fees does not accrue before or on the filing of the bill, but both the right and the proper measure of allowance depend upon the results obtained. They are then limited to compensation for such services as have accrued to the common benefit of all the beneficiaries, as distinguished from services relating to the individual interest of the client.

[9] The primary debtor to an attorney for all his services rendered pursuant to his employment is his employer. The statute, while making the allowance payable directly to the attorney, aims thereby to relieve the party to the extent he had rightfully incurred expense for services from which all have reaped a benefit. Whatever good faith may prompt a beneficiary in the estate to seek relief which would, if obtained, inure to the common benefit, unless and until it is obtained, he cannot call upon the others to share his burdens. The results of the litigation, the harvesting of a common benefit, is the basis for the allowance. This was fully discussed and clearly decided in the recent case of Dent v. Foy, 214 Ala. 243, 107 So. 210.

It follows that any advance adjudication upon what services in the case may call for an allowance of attorney's fees is premature. The cause having proceeded only to the filing of the bill, the demurrer, and decrees thereon, no relief having been granted working benefit to any of the parties litigant, the question of attorney's fees is a moot question.

[10] The request for an allowance of attorney's fees may appear in the prayer only, or it may be presented by petition when the occasion arises to ascertain the costs that shall be adjudicated and taxed on final decree in the cause, a time when the services rendered, the results, and the consequent basis of allowance shall have become known to the court in course of the proceedings. In case of allowance, it is proper on a reference to direct the register what services shall be considered in awarding fees, all subject to review on appeal.

If the claim for attorney's fees be set up in the body of the bill, it will be treated not as an asserted ground of equitable relief

subject to demurrer, but as information that such claim is asserted to be dealt with when occasion arises.

[11] To hold such averments subject to demurrer, because wholly bad, too broad, or otherwise wanting in the elements of good pleading, would result in halting the litigation between the parties to settle in advance incidental questions which may or may not become important in the end. This result we would avoid. We therefore hold this feature of the bill not a proper subject of demurrer, and that it was properly overruled. This was the course taken touching a claim for attorney's fees set up in the body of the bill in Wilks v. Wilks, 176 Ala. 151, 159, 57 So. 776.

We do not understand the court's decree to hold the attorney's fee allowable for requiring the executor to give bond unless upon a hearing such relief shall be granted, or that he undertakes to adjudicate the right to attorney's fee under any other feature of the bill.

Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, and BROWN, JJ., concur.