MADDOX, Justice.
This appeal involves a dispute over the amount of an attorney’s fee.
Jewell Kilgore employed John Baker to represent her in a divorce action in 1974. She contends that at her first meeting with Baker, he informed her that he charged $85.00 per hour for his services, but that before she left the office, Baker presented her with a form “he always had his clients sign before commencing a case.” The form was an employment contract which provided, in part:
“For the aforesaid services and undertaking, I, the undersigned, agree to pay the law firm of TRAYLOR, BAKER a fee which shall be an amount between 10% per cent and 20% per cent of the value of any property awarded to me by the equity court as a result of the divorce case. The exact percentage shall be determined by the firm of TRAYLOR, BAKER & COLE upon the conclusion of the case depending upon the amount of work and service required, but must be within these limits. In addition thereto, said firm of TRAYLOR, BAKER shall be entitled to receive as additional attorney’s fee any amount that the Court orders Respondent, my husband, to pay to said law firm as attorney’s fee. Said law firm or any lawyer representing me therein shall have the option of crediting the above percentage with the amount awarded by the Court as attorney’s fee, but this shall be within the discretion of said attorney, provided, however, that in the event of a reconciliation of the parties at any stage of the proceedings, said law firm shall be entitled, and I hereby agree to pay a minimum fee of $175.00 plus $100.00 per day or part thereof in Court or in negotiation with my husband or his lawyer in the prosecution of this cause and, additionally, shall reimburse said law firm for all out-of-pocket expenses in the prosecution of said action. I hereby give said law firm a lien on any money or property awarded to me by the Court or by any agreement for the payment of said fee.”
Jewell Kilgore was granted a divorce in 1976. The dispute over the fee then arose and Baker petitioned the court to set a reasonable attorney’s fee; Kilgore filed a separate suit to recover certain deeds and checks in Baker’s possession and she also requested a trial by jury. The two cases were consolidated for trial, and the jury awarded Baker a fee of $12,500.
Kilgore contends that the written contract is, in effect, an agreement for a fee contingent upon the amount of alimony or settlement which might be allowed in the divorce case, and is, therefore, void as against public policy. For this reason, she says, the trial court erred in charging the jury that the contract, even though not *108 binding, could be considered by them in establishing a reasonable fee. Kilgore also contends: that she believed the fee arrangement was $35.00 per hour; that she did not understand the contract signed by her; that her signature was fraudulently induced in that she was told the document was a form to be filled out by all clients and placed in the files; that Baker’s experience as an attorney and her inexperience created a fiduciary duty which was violated by the “gross misrepresentation” concerning the amount of the fee.
Baker argues that the judge’s charge that the jury could consider the written contract was not erroneous because “any item of evidence admitted by agreement, without objection can be ‘considered’ by the jury.” He also contends that the contract involved is not void as against public policy because it is not contingent upon procurement of a divorce or alimony. His position is that recovery was based upon the theory of quantum meruit as presented in his petition, and was well supported by the evidence. We affirm.
Assuming, without deciding, that the written contract was void, the court did not err in charging the jury that they could consider the written contract in arriving at a reasonable fee. The court adequately charged the jury on the issue presented— the amount of compensation to which Baker was entitled. The court’s charge, in part, was, as follows:
“. . . Ladies and gentlemen, in this case an employment contract was attached; however, I want to charge you, ladies and gentlemen, that this employment contract in this cause is not controlling. That is, you do not have to follow the amount set therein. However, you may consider its terms in fixing what a reasonable compensation in this case would be.
* * * * * *
“Ladies and gentlemen, the question in this case is the reasonable value of an attorney’s fee. Where there is an agreement as to the amount of an attorney’s fee, the agreement would govern. When there is no agreement, then an attorney is entitled to a reasonable fee. The determination of such a reasonable fee or reasonable value is left to the reasonable discretion of the jury in light of the particular circumstances of the case, all of the circumstances. However, it has been recognized that there are several factors that you ladies and gentlemen may consider in passing upon the amount to be allowed as a reasonable attorney’s fee or compensation to the attorney. These include the following: The time and labor involved, the novelty and difficulty of the issues, the customary charges of the bar for similar services, the amount involved, the responsibility assumed, the benefits that result to the client from the services, the contingency of certainty of the compensation, and the ability and standing of the attorney in the community.”
The written agreement was admitted into evidence without objection, and we fail to see how the court’s giving of the charge that the jury could consider the contract so prejudiced the client that she should get a new trial.
In King v. Keith, 257 Ala. 463, 60 So.2d 47 (1952), this Court opined:
“In estimating the value of legal services, following are among the elements material for consideration: (1) the nature and value of the subject matter of the employment; (2) the learning, skill and labor requisite to the proper discharge of that employment; (3) time consumed; (4) the professional ability, experience and reputation of the attorney; (5) the weight of his responsibility; (6) the measure of success achieved; (7) the reasonable expenses incurred. T. S. Faulk & Co. v. Hobbie Grocery Co., 178 Ala. 254, 59 So. 450; Dent v. Foy, supra; Humes v. Decatur Land Improvement & Furnace Co., 98 Ala. 461, 13 So. 368; Frazer v. First National Bank, supra, [235 Ala. 252, 178 So. 441],
******
“Nor are we impressed with the argument that the contingent nature of the *109 employment of appellee by King should be altogether laid out of view in determining the amount of the allowance of the will fee. It is a recognized rule that the certainty or contingency of the compensation affects the amount of a fee, a much larger one being allowable in the latter case. Canons of Professional Ethics of American Bar Association, No. 12; Fee Contracts of Lawyers, by Earl W. Wood (Prentice-Hall, Inc., 1936), § 36, p. 90; 6 Corpus Juris 752, § 331; 7 C.J.S., Attorney and Client, § 191; F. L. Stitt & Co. v. Powell, 94 Fla. 550(6), 114 So. 375; Ex parte Wilkinson, 220 Ala. 529, 126 So. 102; Denson v. Caddell, 201 Ala. 194, 77 So. 720; Willett & Willett v. First National Bank of Anniston, 234 Ala. 577, 176 So. 344.
“And although the claim for attorney’s fee for establishing the validity of the will is rested on a quantum meruit rather than on the contract with King, in the circumstances shown the distinction would seem to be of little moment inasmuch as the right and measure of allowance depended on results obtained in behalf of the common estate. Farmers’ Bank & Trust Co. v. Borroughs, 217 Ala. 97(8), 114 So. 909. The exigencies would have been the same in either aspect — win all or lose all, the chances of any reasonable amount of compensation being entirely contingent upon the successful outcome of the case.”
We find no error in this case, where the agreement was admitted without objection, for the trial court to charge the jury that they could consider the contract in fixing reasonable compensation. We need not, and do not, decide whether the particular agreement here should or should not have been admitted if a proper objection had been made.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.