I respectfully dissent. While I agree with that portion of the main opinion concluding that the attorneys are entitled to a reasonable fee under the doctrine of quantum meruit, I am not prepared to say what that fee should be. The trial court, based on the evidence before it, concluded that the evidence supported the award of a $2-million attorney fee "as reasonable on a contingency fee basis as provided in the contractual arrangements between the State and State's Counsel, or based upon quantum meruit for services performed." No one offered testimony to rebut the testimony indicating that $2 million was a reasonable fee. I note that the parties now opposing the $2-million fee on this appeal had an opportunity to offer rebuttal testimony at trial but did not do so. "[O]ur review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992) (citing Rodriquez-Ramos v. J. Thomas Williams, Jr., M.D., P.C.,580 So.2d 1326 (Ala. 1991)). Thus, rather than setting a fee itself, this Court should, since it is reversing an order that was based on a finding that the contingency-fee contract was valid, remand this case for an evidentiary hearing so that an attorney fee can be determined under the doctrine of quantum meruit, without the trial court's considering the contingency-fee contract as a factor in setting a reasonable attorney fee.
I note that the trial court made a finding that James's attorneys "made several `substantial contributions' to bringing about the settlement." Although such "substantial contributions" cannot be considered in connection with a determination of whether a fee should be awarded under the contract that the main opinion concludes was void ab initio, such contributions can be considered in determining a reasonable attorney fee under the doctrine of quantum meruit. The result obtained is a factor to be considered under the doctrine of quantum meruit. See Kilgore v.Baker, 361 So.2d 106 (Ala. 1978). For the foregoing reasons, I would remand this case with instructions for the trial court to schedule an evidentiary hearing, on an expedited basis, to determine the amount of a reasonable attorney fee based on the doctrine of quantum meruit, and I would further direct the trial court not to consider, as a factor in determining that fee, the contract that the main opinion concludes is void ab initio for noncompliance with Ala. Code 1975, § 29-2-41.