In the Matter of the Estate of THOMAS MACY, Deceased.

Surrogate's Court, New York County, June, 1922.

*Surrogate's Court — jurisdiction to probate will of non-resident — when no assets here, and testator a resident of Massachusetts, decree admitting will to probate will be vacated.*

APPLICATION to vacate decree admitting will to probate.

*K. C. Bates,* for executor.

*Matthew P. Doyle,* special guardian.

FOLEY, S. This is an application to vacate a probate decree upon the ground that this court had no jurisdiction to entertain the proceeding. The decedent died without the state and left no property in this jurisdiction. The certificate of stock of the Oklahoma corporation was not property here. The legal situs

of such stock is where the corporation exists, or where the decedent was domiciled. *Matter of James*, 144 N.. Y. 6; *Matter of Bishop*, 82 App. Div. 112. The jurisdiction of this court to probate the will rested solely on the allegation of the probate petition that the testator died a resident of this county. Surrogate's Court Act, § 45, subd. 1, formerly Code Civ. Pro. § 2515. Upon this motion it is contended that the testator was domiciled at the time of his death in the state of Massachusetts. The essential facts are undisputed. They establish that in 1914 the testator had his domicile at Nantucket, Mass., and continued to reside there during the last eight years of his life. *Dupuy* v. *Wurtz*, 53 N. Y. 556; *Matter of Barbour*, 185 App. Div. 445. During the above-mentioned period the testator had no residence in New York. The statement of residence in the will is not sufficient. *Matter of Mesa y Hernandez*, 172 App. Div. 467. In *Matter of Newcomb*, 192 N. Y. 238, 250, the rule governing a case where there is intention without residence is as follows: " Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home. * * * In order to acquire a new domicile there must be a union of residence and intention. Residence without intention, or intention without residence is of no avail."

I am of the opinion that at the time of his death the testator was domiciled at Nantucket in the state of Massachusetts. This court, therefore, had no jurisdiction to · probate his will. The motion to vacate the decree is granted. Settle decree on notice.

Decreed accordingly.