(112 So. 837)

**DEVANE v. SMITH.   (4 Div. 307.)**

Supreme Court of Alabama.   May 12, 1927.

1. **Guardian and ward  ⟨⟩25—Decree overruling demurrer to father's petition for removal of guardian of minor son and his appointment in guardian's stead is not appealable; "bill in equity" (Code 1923, § 6079).**

Appeal will not lie to review a decree overruling a demurrer to a petition by a father for the removal of the guardian of his minor son and for his own appointment in the stead of the guardian, no statute authorizing the appeal, the petition not being a bill in equity within Code 1923, § 6079.

2. **Appeal and error  ⟨⟩1—Appeal is statutory.**

Appeal will not lie in absence of statutory authority.

3. **Appeal and error  ⟨⟩792—Whether appellant has right to appeal is jurisdictional.**

Supreme Court will regard the question of whether appellant has a right to appeal as a matter going to its jurisdiction.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

---

Petition in equity by C. E. Smith against W. S. Devane. From a decree overruling a demurrer to the petition, respondent appeals. Appeal dismissed.

Owen & Carmichael, of Elba, for appellant. Wilkerson & Brunson, of Elba, for appellee.

In view of the decision, it is not necessary that briefs be here set out.

GARDNER, J. [1] Administration of guardianship of the estate of a minor was removed from the probate into the circuit court in equity. Petition was filed by appellee to have the guardian removed and himself, father of the minor, appointed in his stead. The guardian's demurrer to the petition was overruled, and this appeal is prosecuted from the decree overruling said demurrer.

[2, 3] Upon consideration of this cause in consultation, the conclusion has been reached that the interlocutory decree rendered in this cause is not appealable. The petition here cannot be construed as a bill in equity so as to come within the influence of section 6079 of the Code of 1923. We find no statute authorizing an appeal from such an interlocutory decree rendered on a petition of this character. Appeal is statutory, and the question is a jurisdictional one. The appeal is therefore dismissed.

Appeal dismissed.

SAYRE, BOULDIN, and BROWN, JJ., concur.