198 So. 705

## HICKS v. WARD.

### 4 Div. 154.

Supreme Court of Alabama.

Nov. 14, 1940.

John W. Rish, of Dothan, for appellant.

R. S. Ward and E. C. Boswell, both of Geneva, for appellee.

BROWN, Justice.

Neither the decretal order sustaining the exemptioner's—the widow's—motion to strike from the file the objections filed by the administrator to the report of the commissioners appointed by the Probate Court to set aside exemptions, nor the order sustaining the demurrer filed by the appellee to the administrator's petition praying that the court determine the validity of the claim filed by her will support this appeal.

The statute only authorizes an appeal from a decree of the Probate Court

"pronounced on such exceptions" on an issue made up under the direction of the court. Code 1923, §§ 7935, 7939.

 "Such exceptions" must be filed within thirty days after making the report. Code 1923, § 7933. The exceptions, if any were filed, are not embodied in the record.

 Moreover, conceding that said statute authorizing the appeal is applicable to proceedings in the Circuit Court, the appeal was not filed until after the expiration of twenty days—to be correct it was filed on the twenty-first day after the decree was entered.

 Section 8971 of the Code 1923, as amended by Act approved September 21, 1939, prescribes the method of testing the validity of claims filed against the estates of decedents. It provides: "The personal representative of the estate of a decedent may give notice in writing to the claimant, or any one having a beneficial interest in a claim against the estate, that such claim is disputed in whole or in part, if in part specifying the part disputed; thereupon the Judge of the court having jurisdiction of the administration of the estate shall, on written application of either the personal representative of the claimant, hear and pass on the validity of such claim, or part thereof, first giving ten days notice of such hearing to the interested parties. Either party may appeal within thirty days from the rendition of judgment on any such claim, such appeal to be made in the manner provided by law for appeals from the court in which such estate is being administered." General Acts 1939, pp. 806, 807.

 The appellant did not pursue the course of procedure provided by the statute. The decretal order sustaining the demurrer to the petition is not a final decree, nor is it such interlocutory decree as will support an appeal. Code 1923, § 6079; Devane v. Smith, 216 Ala. 177, 112 So. 837.

 The appeal not being authorized by statute it does not confer jurisdiction on this court to review the ruling in question, and must be dismissed here ex mero motu. City of Troy et al. v. Murphree, 214 Ala. 118, 107 So. 83.

Appeal dismissed.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.