8 So.2d 181

### WILLINGHAM v. HOOD et al.
#### 7 Div. 694.

Supreme Court of Alabama.
April 9, 1942.

Rehearing Denied May 14, 1942.

Embry & Weaver, of Pell City, for appellant.

W. T. Starnes, of Pell City, and O. R. Hood, of Gadsden, for appellees.

BROWN, Justice.

After the will of Mattie F. Abbott, deceased, had been admitted to probate, and the administration of the estate had been removed into the circuit court sitting in equity, appellees filed their petition in said pending administration proceedings, seeking an allowance of attorneys' fees, under the provisions of § 63, Title 46, Code of 1940, out of said estate payable to the petitioners, but to be taxed as part of the costs in said proceedings.

The administrator, cum testamento annexo, demurred to the petition, the court overruled the demurrer and the administrator appealed.

The appellees insist that the appeal should be dismissed because it does not fall within the influence of § 755, Title 7, Code of 1940, authorizing appeals from interlocutory decrees.

Speaking with respect to such allowance in Farmers' Bank & Trust Co. v. Borroughs, 217 Ala. 97, 114 So. 909, 911, it was observed:

"The primary debtor to an attorney for all his services rendered pursuant to his employment is his employer. The statute

while making the allowance payable directly to the attorney, aims thereby to relieve the party to the extent he had rightfully incurred expense for services from which all have reaped a benefit. Whatever good faith may prompt a beneficiary in the estate to seek relief which would, if obtained, inure to the common benefit, unless and until it is obtained, he cannot call upon the others to share his burdens. The results of the litigation, the harvesting of a common benefit, is the basis for the allowance. This was fully discussed and clearly decided in the recent case of Dent v. Foy, 214 Ala. 243, 107 So. 210.

"It follows that any advance adjudication upon what services in the case may call for an allowance of attorney's fees is premature. The cause having proceeded only to the filing of the bill, the demurrer, and decrees thereon, no relief having been granted working benefit to any of the parties litigant, the question of attorney's fees is a moot question.

"The request for an allowance of attorney's fees may appear in the prayer only, or it may be presented by petition when the occasion arises to ascertain the costs that shall be adjudicated and taxed on final decree in the cause, a time when the services rendered, the results, and the consequent basis of allowance shall have become known to the court in course of the proceedings. In case of allowance, it is proper on a reference to direct the register what services shall be considered in awarding fees, all subject to review on appeal.

"If the claim for attorney's fees be set up in the body of the bill, it will be treated not as an asserted ground of equitable relief subject to demurrer, but as information that such claim is asserted to be dealt with when occasion arises.

"To hold such averments subject to demurrer, because wholly bad, too broad, or otherwise wanting in the elements of good pleading, would result in halting the litigation between the parties to settle in advance incidental questions which may or may not become important in the end. This result we would avoid. We therefore hold this feature of the bill not a proper subject of demurrer, and that it was properly overruled. This was the course taken touching a claim for attorney's fees set up in the body of the bill in Wilks v. Wilks, 176 Ala. 151, 159, 57 So. 776."

■ Therefore treating what appears in the record, labeled "order overruling demurrer to petition for solicitor's fees" as a decretal order, it does not fall within the influence of said § 755, cited above, and will not support an appeal. Devane v. Smith, 216 Ala. 177, 112 So. 837; Montgomery, Superintendent of Banks v. Jefferson County, 228 Ala. 568, 154 So. 785; Gant, as Trustee, v. Blanche K. McCarty, ante, p. 350, 6 So.2d 17.

The appeal is dismissed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

## On Rehearing.

BROWN, Justice.

The appellant, on authority of Tillery v. Commercial Nat. Bank of Anniston, 241 Ala. 653, 4 So.2d 125, and Worthington v. Worthington, 224 Ala. 237, 139 So. 334, insists that the order overruling the demurrer to the petition for an allowance of attorney's fee, filed under § 63, Code of 1940, Title 46, was within the influence of § 755, Title 7 of the Code of 1940, authorizing appeals "From any decree rendered by the circuit court in equity cases, sustaining or overruling a demurrer *to a bill in equity, or to a cross bill * * ** to be taken within thirty days from the rendition thereof, to the supreme court." [Italics supplied.]

The pleading filed in the Tillery case, supra, was by the executor of the estate, then pending in the equity court, asserting that the estate did not owe the claim in any amount filed by the party made defendant, against the estate for $20,000, and prayed the respondent have notice and on the hearing the claim be disallowed. The pleading was by the moving party characterized as "a 'bill of complaint or petition,'" and the respondent filed a demurrer "to 'the bill of complaint or petition'" and the court in disposing of the appeal treated the pleading as a bill, in the concluding paragraph of the opinion, to wit: "The demurrer to the bill which seeks to pursue that procedure was properly overruled." 241 Ala. 653, 655, 657, 4 So.2d 125, 126, 128. In the course of the opinion it was observed: "But when a petition is filed in a pending cause in equity, which seeks some relief of an independent sort and which is subject to hearing and decree *as though it were an original bill,* an appeal will lie from decrees in respect to it *as though it were an original bill.*" Citing Cortner v. Galyon, 223 Ala. 405, 137 So. 30; Worthington v. Worthington, 224

688

Ala. 237, 139 So. 334, 335. [Italics supplied.]

In Cortner v. Galyon, supra, in which the appeal was sustained, the petition was for intervention by a third party in a pending cause, and the statute under which the intervener was proceeding, Code of 1923, § 9485, Code 1940, Tit. 7, § 247, provided that the party adversely interested "may answer or demur to it as if it were an original complaint."

In the Worthington case, supra, the petition was by the husband against the wife to modify a final decree of the court granting to the wife alimony, and to quote from the opinion: "We have treated such petition in the nature of a supplemental bill and dealt with an appeal from a decree on demurrer thereto as coming within the influence of section 6079, Code 1923 [Code 1940, Tit. 7, § 755]."

This liberal application of said § 755, Code of 1940, Title 7, has at least implied legislative recognition in § 756 of Code of 1940, Title 7, the purpose of which was to limit parties to one appeal, from such interlocutory decrees. That section provides: "Whenever the equity of *a bill, complaint or petition* has been tested and upheld by the supreme court on an appeal from any interlocutory order, judgment, or decree, no other appeal can be taken from any subsequent interlocutory order, judgment or decree; but the rulings of the trial court on any such interlocutory orders, judgments or decrees may be reviewed by the supreme court on appeal from the final judgment or decree." [Italics supplied.]

The result of this liberal interpretation of the statute, Code of 1940, § 755, Title 7, is that when the pleading is by a party to the pending cause and partakes of the nature of a bill in respect to justiciable controversy not within the scope of the pending issues, between such moving party and a third party not a party to the pending proceeding, who must be brought in by notice or summons, as was Tillery's case, supra, or is in the nature of a bill by a third party seeking to intervene under the statute, asserting an interest in the pending litigation, as in Cortner v. Galyon, supra, or is in the nature of a supplemental bill seeking to open and modify a final judgment or decree, on equitable grounds arising since the rendition of such final judgment or decree, as in Worthington v. Worthington, supra, an interlocutory decree on demurrer to such pleading is within the spirit of said section and will support an appeal.

The pleading in the instant case is not asserting a right of the attorneys in whose names it is filed but is in the interest of their client, the Coosa Valley Baptist Church, a party to the pending suit and its subject matter is the allowance of solicitor's fees, in relief of the liability of said party, as incident to the pending litigation and concerns only parties to the suit who must share in the contribution if allowed. Farmers' Bank & Trust Co. v. Borroughs, 217 Ala. 97, 114 So. 909.

Therefore a ruling on demurrer to such pleading, if such ruling is made, is not within the letter or spirit of the statute.

Devane v. Smith, 216 Ala. 177, 112 So. 837, holds that an appeal not authorized by statute will not confer jurisdiction on this court and will be dismissed.

Application for rehearing is due to be overruled.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.