13 So.2d 770

**BIRMINGPORT LUMBER CO. v. CHICKA-SAW WOOD PRODUCTS CO.**

6 Div. 133.

Supreme Court of Alabama.

May 20, 1943.

Huey, Welch & Stone, of Bessemer, for appellee.

Bumgardner, Saunders & Hawkins, of Bessemer, for appellant.

BROWN, Justice.

Action of assumpsit by appellee Chickasaw Wood Products Company, against appellant for money alleged to be due the plaintiff on an indebtedness incurred in the purchase of timber by defendant from the plaintiff in February, 1937, and due and payable on March 30, 1941. The complaint consists of three counts, the first the common count for money on account for money due, and the other two counts special counts alleging the sale and purchase, with the obligation on the purchaser to cut sufficient of the timber to pay the purchase money before the expiration of five years from "March 30th, 1936."

The defendant pleaded the general issue, in short by consent, with leave to give in

evidence any matter that would be available as a defense if specially pleaded.

The evidence is without dispute. The defendant owned the white-oak timber standing on several tracts of land in Jefferson County, aggregating something over five thousand acres, with the right to cut and remove the same within five years from March 30, 1936, and on the 5th day of February, 1937, for a cash consideration of $10,500, sold and conveyed to the plaintiff all of said timber standing on said lands "ten (10) inches or more in diameter measured two (2) feet above the ground," subject to certain reservations and restrictions, not here pertinent.

As a part of the same transaction and evidenced by the same indenture, the plaintiff sold back to the defendant *all of said white-oak timber* "which measures as much as 10 inches at 2 feet above the ground and not more than 14 inches at 15 inches above the ground, together with all laps left by said second party [plaintiff] in his cutting."

The agreed resale price was Fifteen Hundred Dollars to be paid, to quote the stipulation, "At the rate of $5 per thousand feet, payments to be made by the 10th of the month, for the amount cut for the preceding month, this agreement to be effective coincident with the signing of this contract. The said party of the first part [defendant] does hereby bind himself to be as diligent as possible in cutting this timber *and hereby guarantees that before the expiration of the five year period from March 30, 1936 he will cut as much as Three Hundred Thousand feet under this agreement.* [Italics supplied.]

"It is futher understood and agreed that when *said first party* [defendant] *has cut as much as three hundred thousand feet and paid for same in keeping with the last three sections above of this agreement,* all the remaining white oak timber measuring in diameter from 10 to 14 inches, inclusive, said 14 inch timber to be measured 15 inches above the ground and all laps from the timber cut by the party of the second part shall become that of the part [party] of the first part to do with as it sees fit, no further payment to be made for same." [Correction ours.]

The appellant states in brief:

"It is the Appellant's contention that when it brought back the certain white oak timber that it was the intention of all parties that there was at least 300,000 feet

of this particular timber on the property. The Appellee's contention is that this was a sale in gross and regardless of the amount of this particular timber, the intention of the parties could not be inquired into, and that there was but one thing left for the Appellant to do and that was pay the $1,500.00 regardless of the quantity of timber on the property.

"Appellee further contended in the lower court that there was nothing in the wording of the contract from which could be gathered an implied agreement or an implied warranty that there was at least 300,000 feet of this particular white oak timber."

The question was raised on the trial by demurrer to the special assumpsit counts, by defendant's motion to exclude the plaintiff's evidence on the ground that it did not appear therefrom that there was as much as 300,000 feet of the particular kind of timber repurchased by defendant, and by defendant, offering evidence to show that there was less timber of the particular kind repurchased by the defendant than 300,000 feet. The trial court overruled the demurrer to said counts and sustained the plaintiff's objection to the proffered proof, and these rulings are the basis of the assignments of error.

■ The general rule in the law of contracts is that when the parties reduce their agreements and obligation to writing, the writing, in the absence of mistake or fraud, is the sole expositor of the transaction and intention of the parties, and obligations and warranties not expressed therein may not be raised by implication. 12 Am.Juris. p. 755, § 232.

■ It is only where ambiguity appears from the language of the writing that parol testimony is admissible to show the facts surrounding the parties when the contract was made, to aid the court in determining the meaning of their words written into the contract from which such ambiguity arises. McGhee et al. v. Alexander et al., 104 Ala. 116, 16 So. 148.

There is no contention that there was any agreement between the parties touching the consideration or the manner in which the obligations assumed therein were to be discharged, other than that expressed in the writing.

■ Nor is there any ambiguity in the obligation of the defendant to pay. The

sale was of *all of the white-oak timber* of the particular class for the gross price of $1,500—a sale in gross. Winston v. Browning, 61 Ala. 80; Pearson v. Heard, 135 Ala. 348, 33 So. 673.

The quoted stipulation stated the obligation and guaranty or warranty of the defendant, not the obligation of the plaintiff. The obligation of the plaintiff had already been met by the payment of the full price for all the white-oak timber standing on the land of the designated measurements, and as to that the contract was fully executed.

While the parties may have thought that there was as much as 300,000 feet of timber in the particular class and description re-sold to the defendant, there is nothing in the quoted stipulation of the contract, when interpreted in the light of the entire trans-action as expressed therein, from which an implied warranty on the part of the plaintiff can arise that there was such quantity.

Our judgment and conclusion, therefore, is that the rulings of the circuit court are free from error, and that the judgment is due to be affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.