21 So.2d 441

**NASHVILLE TRUST CO. et al. v. CLEAGE.**

6 Div. 297.

Supreme Court of Alabama.

March 8, 1945.

514

Spain, Davies, Gillon, Grooms & Young
and Frank M. Young, all of Birmingham,
for appellants.

515

· Bradley, Baldwin, All & White, of Birmingham, for appellee.

FOSTER, Justice.

Wills may be proved "when the testator, not being an inhabitant of the state, dies out of the county, leaving assets therein, in the probate court of the county in which such assets, or any part thereof, are." Section 35(3), Title 61, Code. "Upon the death of a testator * * * any person interested in the estate * * * may have the will proved before the proper probate court." Section 33, Title 61, Code.

Here the testator was not an inhabitant of this State, and died out of the State. A petition to probate his will was filed in Jefferson County, Alabama. The two questions involved are (1) whether he left surviving assets in Jefferson County, in which this application was made, and (2) whether petitioner is interested in the estate. The decedent owned stock in an Alabama corporation, whose principal place of business was in Jefferson County, at the time of his death, and held the certificate representing it in Tennessee, where he resided.

The first question is dependent upon whether upon those circumstances, decedent owned assets in Jefferson County, Alabama. Appellant concedes in his brief that unless the Uniform Stock Transfer Act makes a change in that respect, the shareholder in a corporation organized in Alabama and having its principal place of business in Alabama, and in the county in which the petition is filed, has assets in that county within

the meaning of section 35(3), Title 61, supra.

This admission is upon the basis of well settled principles which are controlling to that conclusion. Grayson v. Robertson, 122 Ala. 330 (5), 25 So. 229, 82 Am.St.Rep. 80; Winter v. London, 99 Ala. 263, 12 So. 438; Section 30, Title 10, Code; Oden v. Vaughn, 204 Ala. 445, 451, 85 So. 779; 23 Corpus Juris 1017; 33 C.J.S., Executors and Administrators, § 20, p. 902; Hoglan v. Moore, 219 Ala. 497(6), 122 So. 824; In re Macy's Estate, 118 Misc. 875, 195 N.Y.S. 499; Phillips v. Phillips, 213 Ala. 27, 104 So. 234; 18 C.J.S., Corporations, § 194, note 61, p. 622; Id., note 80, p. 624; 72 A.L.R. 179.

 The Uniform Stock Transfer Act does not change the relation of the corporation to its shareholders as registered on its books. Sections 30 and 50, Title 10, Code; Sylvania Industrial Corporation v. Lilienfeld's Estate, 4 Cir., 132 F.2d 887, 145 A.L.R. 612.

 Its purpose seems to be to regulate transfers as respects the rights of living persons dealing among themselves in certificates of stock, and the creditors of stockholders. The Act necessarily gives value to the certificate of stock and its possession and ownership as between claimants. Section 48 et seq., Title 10, Code.

 It is therefore more of value than it was before the adoption of the Act. Jones v. State, 236 Ala. 30, 182 So. 404; Tow v. Evans, 194 Ga. 160, 20 S.E.2d 922, 924; Mills v. Jacobs, 333 Pa. 231, 4 A. 152, 122 A.L.R. 333, and annotations. But it does not mean that the stockholder is not still the owner of an interest in the corporation, as theretofore. In assuming the relation of stockholder one subjects himself to the corporate laws of the State in which the corporation was created. Hoglan v. Moore, 219 Ala. 497(6), 122 So. 824; Boyette v. Preston Motors Corporation, 206 Ala. 240, 89 So. 746, 18 A.L.R. 1376. That state fixes by its laws the rules which control the relation of its shareholders to the corporation, and in what way that interest is to be manifested as by stock certificates. But the question of who is the owner having the legal title of the instrument representing stock as between contending claimants by virtue of transactions between them, is controlled by the law of the place where the instrument is located and the transaction occurred. Direction, etc., v. United States Steel Corporation, 267 U.S. 22, 45 S.Ct. 207, 69 L.Ed. 495; Hutchison v. Ross, 262 N.Y. 381, 187 N.E. 65, 89 A.L.R. 1007; 15 C.J.S., Conflict of Laws, § 18, p. 931, note 69; Restatement, Conflict of Laws, par. 53, p. 84.

The right to subject the certificate to seizure and sale under execution or attachment is governed by further considerations. Mills v. Jacobs, supra.

 We are not now dealing with a conflict in the law to determine whether that of Tennessee or Alabama shall control as to the ownership of certain stock, or which law shall determine the nature of petitioner's interest, if he has any such interest. But the law regulating the legal ownership of the stock does not at all reflect upon the principle that a stockholder owning such a certificate has an interest in the corporation (Sylvania Industrial Corp. v. Lilienfeld's Estate, supra) as an asset in the state of its incorporation, though there is also added the further feature that the written certificate as evidence of that ownership also has value. Tennessee may by law control a transfer of the legal ownership of certificates of stock in such an Alabama corporation, when they are then held in that state. But by Tennessee law the nature of the ownership of such stock may not be changed, so as to exclude the theory that it has also a situs in Alabama, to be subject to applicable laws of Alabama. Certainly it could not prevent Alabama from levying an ad valorem tax on such stock, as an Alabama asset of the person in whose name it stands on the books of the corporation. Section 25, Title 51, Code. Although the state in which the certificate is held by the owner residing there may tax such ownership on account of his residence there (First Bank Stock Corporation v. Minnesota, 301 U.S. 234, 57 S.Ct. 677 [5], 81 L.Ed. 1061, 113 A.L.R. 228), the right of Alabama to lay an ad valorem tax on the shares of stock of an Alabama corporation as an Alabama asset, though the owner is a nonresident, is not at all abridged. Schuylkill Trust Co. v. Pennsylvania, 302 U.S. 506, 58 S.Ct. 295(11), 82 L.Ed. 392; State Tax Comm. v. Aldrich. 316 U.S. 174, 62 S.Ct. 1008, 86 L.Ed. 1358, 139 A.L.R. 1436.

To concede that it is subject to ad valorem taxation in Alabama regardless of the residence of the owner, which is now well settled, necessarily concedes that it is an Alabama asset under section 35(3), Title 61, Code, since a state may not tax anything not within its jurisdiction. Farmers Loan

& Trust Co. v. Minnesota, 280 U.S. 204, 50 S.Ct. 98, 74 L.Ed. 371, 65 A.L.R. 1000 (not overruled on that point by the Aldrich case, supra); Graves v. Schmidlapp, 315 U.S. 657, 62 S.Ct. 870, 86 L.Ed. 1097, 141 A.L.R. 948.

■■ So that it is perfectly clear that under a law such as the Uniform Stock Transfer Act, there is an ownership by the stockholder in the corporation itself governed by the laws of its situs, as was the situation theretofore. Sections 30 and 50, Title 10, Code; Oden v. Vaughn, 204 Ala. 445, 446(12), 85 So. 779.

The next question is whether petitioner is interested in the estate of the decedent under section 33, Title 61, Code.

The interest claimed by petitioner is that he is the president of the Alabama corporation and had an agreement with decedent for a valuable consideration whereby he was granted an option to buy certain stock in said corporation owned by decedent at the time of his death, by paying the amount, ascertainable as stipulated, within six months after the death of said stockholder. Cowin v. Salmon, 244 Ala. 285(11, 14 and 16), 13 So.2d 190.

The petition alleges that the option was duly accepted by petitioner with a tender to the executor of the amount so stipulated within the six months period after the death of decedent, which was not accepted. Petitioner offers to pay such amount as may be ascertained if he is mistaken in the correct amount so tendered. The petition proceeds upon the theory that if he is unable to obtain a transfer of the stock, he is entitled to damages for a breach of the contract; that he has an interest in the estate either as a creditor or as an equitable owner of the said assets of decedent in this State.

■ Although the legal title to the certificate of stock is controlled by the law where the transfer was made, which involves a delivery of the certificate under the Uniform Stock Transfer Act, we doubt not that stock ownership in a domestic corporation has such a situs in Alabama as that the person owning it may by a transaction with another person occurring here create in the latter, as between themselves and their personal representatives, rights in it enforceable according to established and applicable principles existing in this State, although the personal presence of the stock certificate was absent at the time of the transaction and was never delivered in connection with

it; but to be enforceable in equity the incidents of equitable principles and procedure which would generally be applicable must concur. Compare, Warrick v. Liddon, 230 Ala. 253(5, 6 and 7), 160 So. 534.

■ Having accepted the option, petitioner occupies the position of a purchaser obligated to buy and pay for the stock pursuant to the option right, which gives him an equitable interest in the property if the circumstances justify the equitable remedy of specific performance as in Henry L. Doherty & Co. v. Rice, 5 Cir., 186 F. 204, and in Boozer v. Blake, 245 Ala. 389(8), 17 So.2d 152; section 74, Title 57, Code; or the establishment of an equitable trust in the nature of specific performance as in Cowin v. Salmon, supra; Bolman v. Overall, 80 Ala. 451, 2 So. 624, 60 Am.Rep. 107; Allen v. Bromberg, 147 Ala. 317, 41 So. 771; Hendrix v. Pique, 237 Ala. 49, 185 So. 390.

It seems more appropriate to say that petitioner's interest is that of his equitable right in that Alabama asset of decedent, rather than a right to damages against the estate for a failure of the executor to perform an agreement made by deceased, which had not been broken by him. See, Blake v. Lemp, 32 Idaho 158, 179 P. 737; Sterrett v. Barker, 119 Cal. 492, 51 P. 695; 24 Corpus Juris 54, note 34, page 305, sections 922 and 923; 33 C.J.S. Executors and Administrators, § 189, p. 1168, note 62. There is no claim here as a creditor based upon a rescission for restoration of the consideration as in Sylvania Industrial Corp. v. Lilienfeld's Estate, supra.

■ Section 36, Title 47, Code, requires the personal representative to perform the contracts of decedent to convey land in this State, and section 37 confers jurisdiction on the probate judge of the county in which letters were granted to compel a performance. And the Probate Court of Jefferson County has general equity jurisdiction in the administration of estates of decedents. Section 181(1), Title 62, Supplement to Code; Ex parte Kelly, 243 Ala. 184, 8 So. 2d 855. The executor or administrator may transfer shares of stock owned by decedent in any Alabama corporation. Section 31, Title 10, Code. (But that does not affect the nature of such ownership by the decedent at the time of his death.) The legal title of all personal property in this State vests in the personal representative appointed in this State on the death of its owner, although he was a non-resident and

518

died out of the State. Grayson v. Robertson, supra; Fellows v. Lewis, 65 Ala. 343, 39 Am.Rep. 1; Fretwell v. McLemore, 52 Ala. 124.

So that the personal representative appointed in Alabama is the one designated by Alabama law, with whom petitioner may contest in Alabama courts as to his rights to acquire such stock under his contract. Fellows v. Lewis, supra.

The necessary conclusion is that the non-resident decedent owned assets in Alabama at the time of his death; that a probation of the will is appropriate in Alabama; at the instance of one who has an interest in the estate; and that a resident of Alabama, who has an equitable interest in such assets in Alabama, has such an interest in the estate as to justify him in asking the appropriate court to probate the will and appoint an administrator with the will annexed in the discretion of the court, so that he may in Alabama deal with such personal representative as the one having the legal title to such assets in Alabama, and, if necessary, compel a specific performance of his contract on equitable principles as declared in Cowin v. Salmon, supra.

Appellee also insists that his right to probate the will cannot be tested by demurrer, but only by a plea in abatement.

But when the petition affirmatively shows that petitioner has no right to maintain it, the objection may be taken by demurrer or sometimes by a motion to dismiss, even though the claim is but an abatement of the petition. Campbell v. Crawford, 63 Ala. 392; Prickett v. Prickett, 147 Ala. 494, 42 So. 408; Harwell v. Lehman, Durr & Co., 72 Ala. 344; Elmore County v. Tallapoosa County, 221 Ala. 182, 128 So. 158.

Those cases also hold that if the matter does not appear on the face of the bill, but depends upon facts not shown by the record, it must be presented by plea in abatement, if that is the effect of the situation. In the case of Woodruff v. Hundley, 127 Ala. 640, 29 So. 98, 85 Am.St.Rep. 145, the petition did not show the petitioner's status, and therefore it was held to be necessary to bring it forward by plea. And since it was only in substance to abate the suit and not to bar the proceeding, the proper plea was said in that case to be in abatement.

But in the instant case, defendants claim that the petition on its face

shows that petitioner has no right to have the will probated. If so, a demurrer may be used to test the claim. But a denial of matter alleged in the petition of that sort is properly by a plea in abatement. Campbell v. Crawford, supra.

This appeal is from a decree overruling a demurrer to the petition. The petition is not a bill in equity under section 755, Title 7, Code, relating to appeals from certain interlocutory decrees. It is not a petition in a pending cause in respect to collateral matter, or in the nature of a supplemental bill seeking to bring in new matter affecting a former decree. Willingham v. Hood, 242 Ala. 686, 8 So.2d 181. But a special right of appeal is granted by section 181(5), Title 62, Code (Supplement), from such a decree on demurrer in the probate court of Jefferson County, and no contention is made that this statute does not here apply.

The decree is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS, STAKELY, and SIMPSON, JJ., concur.