35 So.2d 685

### McGREGOR v. McGREGOR.

6 Div. 701.

Supreme Court of Alabama.

June 3, 1948.

Smyer & Smyer, of Birmingham, for appellant.

Sadler & Sadler and A. Leo Oberdorfer, all of Birmingham, for appellee.

STAKELY, Justice.

The estate of A. S. McGregor, deceased, is pending in the circuit court, Tenth Judicial Circuit of Alabama in equity, having been removed thereto from the probate court. Mrs. Bessie Mussey McGregor is the administratrix of the estate.

A. V. McGregor, an heir of A. S. McGregor, filed in the administration proceedings in the equity court a petition to require the administratrix to make a final settlement of the administration. The petition shows in substance that more than forty-two months have elapsed since the grant of letters of administration, that the estate is due for final settlement and that the administratrix has refused to make final settlement. Attached to the petition and made a part thereof is an agreement alleged to have been made between the administratrix and the adult heirs and confirmed by court decree. It is alleged in substance in the petition on information and belief that the reason the administratrix has refused to make final settlement is her interpretation of the contract to the effect that she is relieved of making final settlement so long as she faithfully continues to manage the property of the estate, subject to sale of certain property of the estate. It is further alleged in the petition that the contract does not provide for postponement of final settlement of the estate.

The administratrix demurred to the petition. The demurrer was overruled by the court. The administratrix seeks to appeal from the foregoing decree. The case here is submitted on motion to dismiss the appeal and on the merits. We think the motion to dismiss the appeal must be sustained.

The appeal is sought to be taken under the provisions of § 755, Title 7, Code of 1940. So far as pertinent this section of the code provides for an appeal from a decree in equity overruling a demurrer to a bill in equity. Accordingly the question for decision is whether the petition here involved is a bill in equity.

The administration of an estate is a court proceeding. Where there is an administrator, the proceeding should ordinarily end by appropriate decree on a showing as to how the duties imposed upon the administrator have been performed. Naugher v. Hinson, 211 Ala. 278, 100 So. 221. Omitting for the moment consideration of the contract attached to the petition it is apparent that the petition here involved is a pleading by a party to the pending cause within the scope of the pending issues and between the original parties to the cause. Assuming only for the purpose of this discussion that the contract postpones or dispenses with final settlement, this is still a matter within the scope of pending issues, because it is nothing more than a temporary or permanent answer to the duty to make a final settlement.

It follows that the petition here is not in respect to collateral matter or in the nature of a supplemental bill seeking to bring in new matter affecting a former decree. Nashville Trust Co. et al. v. Cleage, 246 Ala. 513, 21 So.2d 441. Since the present pleading is within the scope of the pending issues between the original parties in the administration of an estate, it is not a bill in equity and the decree on demurrer does not fall within § 755, Title 7, Code of 1940. Willingham v. Hood, 242 Ala. 686, 8 So. 2d 181; Hart v. Greet, 223 Ala. 34, 134 So. 658; Devane v. Smith, 216 Ala. 177, 112 So. 837; Hicks v. Ward, 240 Ala. 236, 198 So. 705.

The right to appeal is statutory and the question here presented is jurisdictional. Accordingly the appeal must be dismissed because it was taken without statutory authority. Devane v. Smith, supra.

Appeal dismissed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.