46 So.2d 407

**RAMSEY et al. v. WILKINS.**

**HORN v. RAMSEY.**

6 Div. 819, 863.

Supreme Court of Alabama.

May 11, 1950.

A. W. Jones, of Birmingham, for appellants (and appellees) Ramsey and Estill.

Robt. C. Garrison and Drennen & Drennen, of Birmingham, for appellant Horn.

Amzi Barber, of Birmingham, for appellee Wilkins.

LIVINGSTON, Justice.

Two appeals from separate rulings on demurrer, as will appear from the opinion, are consolidated and presented here on one record.

The original bill in this case was filed by J. L. Ramsey against Lambert Horn and W. L. Estill. It alleged the formation of a partnership between the three parties for the operation of a brokerage business in the City of Birmingham, Alabama, to be known as Lambert Horn and Company. It sought a dissolution of the partnership, the appointment of a receiver, the collection and sale of the assets of the partnership and a distribution of the proceeds, and general relief. No point is here presented as to the sufficiency of the original bill of complaint.

Lambert Horn answered the bill and made his answer a cross bill. J. L. Ramsey interposed demurrers to the cross bill as a whole and to the several aspects thereof. Demurrers were sustained to all of the aspects of the cross bill, save one to be noted later, and from that decree Horn prosecuted the appeal which presents one of the questions now before us for review.

Pending the suit in the court below, A. V. Wilkins filed a petition to intervene in said cause between Ramsey, Horn and Estill. Ramsey and Estill demurred to the petition of Wilkins. From a decree overruling their demurrers, Ramsey and Estill appealed. That decree presents the other question for review. We will consider the questions in the order set out above.

The original bill of complaint, as amended, filed by J. L. Ramsey alleges in substance that on, to wit, October 13, 1945, Lambert Horn, Arledge Wilkins and W. L. Estill entered into a written partnership agreement for the purpose of operating a brokerage business known as Lambert Horn and Company, a copy of which agreement as amended is marked exhibit "A", attached to the bill of complaint and made a part thereof; that on, to wit, the 26th day of July, 1946, Ramsey purchased the interest of Wilkins, and that by written agreement, which is the amendment of the partnership agreement of October 13, 1945, Ramsey, Horn and Estill adopted the partnership agreement of Horn, Wilkins and Estill dated October 13, 1945. It further alleges disagreements of the partners in the conduct of the partnership business and seeks a dissolution of the partnership, the appointment of a receiver, the distribution of assets, etc. As above stated, the question

of the sufficiency of the original bill is not before us.

In his answer Horn admits the execution of the partnership agreement of October 13, 1945, and the execution of the amendment thereto of July 26, 1946. These agreements do not contain any provision for the continuance of the partnership for any definite period of time. In his cross bill Horn, in pertinent part, alleges that in 1936 he entered the brokerage business under the name of Lambert Horn and Company; that in November 1944 he entered into a written agreement with Wilkins for the sale of said business, the agreement to take effect January 1, 1945; that under the agreement with Wilkins, Horn was to receive twenty-five percent of the gross receipts of the business for a period of ten years. Horn also reserved the right or option, upon conditions named, to repurchase from Wilkins an interest in the business. The sales agreement contains other provisions not here material. Horn's cross bill further alleges in substance that at the time of the execution of the partnership agreement of October 13, 1945, by Horn, Wilkins and Estill, that Estill "desiring to become a partner with the said Arledge V. Wilkins in the purchase of the said Lambert Horn and Company, brought about the execution of the ostensible partnership agreement of October 13, 1945, which was intended to have the ultimate effect of a sale by this respondent (Horn) of his said business and make W. L. Estill an equal owner with the said Arledge V. Wilkins in the purchase of said business on the basis of the payment to this respondent (Horn) of one-third of the profits of said business for a period of ten years ending October 13, 1954. Also that said partnership agreement should constitute an extension and modification of the terms of the original sales contract between this respondent (Horn) and said Arledge V. Wilkins." He further alleges that at the time the partnership agreement of October 13, 1945, was executed it was agreed between the parties that said agreement should remain in force and effect for a period of ten years and that it was not intended to create a partnership at will. He further alleges, in substance that,

under the amendment of the partnership agreement of July 26, 1946, Ramsey acquired no rights other than the right of Wilkins, encumbered by the alleged obligation of Wilkins.

By amendment Horn alleged in his cross bill, in substance, that the parties to the partnership agreement of October 13, 1945, as amended by the agreement of July 26, 1946, intended that the • partnership agreement was to continue for a term of ten years; that it was so agreed between the parties, but through inadvertence and the mutual mistake of the parties, the written agreement was executed without such stipulation being contained therein. As to this aspect of the bill, he prays for a reformation of the agreement in order that it be made to speak the truth and agreement of the parties. Demurrers addressed to this aspect of the bill were overruled, but we are not here concerned with that part of the decree.

As we understand it, appellant Horn argues for a reversal on the theory that the allegations of his cross bill show that in the formation of the partnership on July 26, 1946 between Horn, Estill and Ramsey, it was agreed to continue the partnership for a term of ten years and the effort to dissolve the partnership constituted a breach of the partnership agreement, destroyed his business and contemplated profits.

■ Undeniably the writings constituting the partnership agreement between Ramsey, Horn and Estill, and which Horn admits executing, contain no provision for the continuation of the partnership business for any definite period of time. The partnership is therefore a partnership at will which may be terminated at any time at the will of either partner without liability for doing so. Section 33, Title 43, Code of 1940.

■ It is not alleged that the agreement or provision for the continuation of the partnership for a definite term was in writing. The general rule in the law of contracts is that when the parties reduce their agreements and obligations to writing, the writing, in the absence of mistake or fraud, is the sole expositor of the transaction and

intention of the parties, and obligations not expressed therein may not be raised by implication. 12 Am.Jur. page 755, section 232; Birmingport Lumber Co. v. Chickasaw Wood Products Co., 244 Ala. 345, 13 So.2d 770.

It follows that the aspects of the cross bill now under review were subject to the demurrer interposed and were properly sustained.

The further question presented by the record is the propriety of the court's action in overruling the demurrer of Ramsey and Estill to the petition of Wilkins to intervene in the suit for a dissolution of the partnership.

On July 7, 1948, Arledge V. Wilkins filed his written motion in the Circuit Court, in Equity, of Jefferson County, asking that he be allowed to file a petition to intervene in the suit of Ramsey against Horn and Estill for a dissolution of the partnership. Equity Rule 37, Code 1940, Tit. 7 Appendix; see, also, Title 7, section 247, Code. Attached to the motion was a copy of the petition to intervene and also a copy of the bill of complaint in the nature of a cross bill stating his alleged claim against the parties. The court set the motion for hearing and ordered copies of the motion, petition for intervention and the bill in the nature of a cross bill served on Ramsey and Estill. Service was so had. At the time he filed his motion, Wilkins also filed his petition to intervene and his bill in the nature of a cross bill. Ramsey and Estill demurred to the petition to intervene and also demurred to the bill in the nature of a cross bill. The court overruled the demurrers to the *petition to intervene,* and that is the only ruling we now have before us for consideration.

 Section 754, Title 7, Code, provides for appeals from final judgments. Section 755 of the same title provides for appeals from certain designated interlocutory judgments and decrees. The decree now considered is neither a final decree within the purview of section 754, nor an interlocutory decree within the purview of Section 755 and will not support an appeal. See the following cases: Montgomery,

Supt. v. Jefferson County, 228 Ala. 568, 154 So. 785; Thomas v. Thomas, 214 Ala. 293, 107 So. 810; Devane v. Smith, 216 Ala. 177, 112 So. 837; Hicks v. Ward, 240 Ala. 236, 198 So. 705; Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510; Sims v. Sims, 250 Ala. 494, 35 So.2d 89; McGregor v. McGregor, 250 Ala. 662, 35 So. 2d 685.

This Court is without jurisdiction to entertain the appeal and must of its own motion take note of such lack of jurisdiction. Hicks v. Ward, supra.

We are not to be understood as holding that an appeal will not lie from a decree sustaining or overruling a demurrer to a bill of intervention. In that connection see Cortner v. Gaylon, 223 Ala. 405, 137 So. 30.

The decree of the lower court sustaining the demurrer to Horn's cross bill is affirmed. The appeal from the ruling of the trial court overruling the demurrer to Wilkins' petition *to intervene* is dismissed.

Affirmed in part and in part the appeal is dismissed.

FOSTER, SIMPSON and STAKELY, JJ., concur.