76 So.2d 157

Mary Barbara VAUGHAN

v.

Henry A. VAUGHAN.

2 Div. 343.

Supreme Court of Alabama.

Dec. 2, 1954.

Clifford J. Durr and W. Ervin James, Montgomery, for appellant.

Harry W. Gamble and Wilkinson & Wilkinson, Selma, for appellee.

MERRILL, Justice.

This is an appeal from a decree of the circuit court in equity, sustaining demurrers to a pleading. (The reason for the use of the word "pleading" will become apparent as the opinion is further perused.)

The appellant, Mrs. Vaughan, filed this pleading on July 30, 1952. It is labeled "Bill of Complaint." Its form, content and prayer make it appear to be a bill of review. It has two aspects: first, to have a decree granting a divorce to the respondent, Henry A. Vaughan, from appellant and awarding to him the custody of their two minor children set aside and expunged from the record on the ground that it was void on the face of the record and therefore of no force and effect; second, that the decree being void, the custody of the children should be awarded to the appellant, who had such custody prior to the decree of divorce which is attacked as being void.

The respondent filed demurrers to this pleading and to each aspect thereof, assigning, among other grounds, that the decree sought to be set aside is shown to have been rendered on March 3, 1949, and, thus the pleading, considered as a bill of review and having been filed more than three years later, towit: July 30, 1952, is barred by Equity Rule 66, Code of 1940, Title 7, appendix.

There can be no question but that, considering the pleading as a bill of review or a bill in the nature of a bill of review, the lower court was correct in sustaining demurrers raising the point that it was not filed within the time required by Equity Rule 66. Laney v. Dean, 258 Ala. 37, 61 So.2d 109; Wiggins Estate Co. v. Jeffery, 246 Ala. 183, 19 So.2d 769; Cassady v. Davis, 245 Ala. 93, 15 So.2d 909.

But the appellant says in brief: "The petition is definitely not a bill of review, nor is it a bill in the nature of a bill of review. Appellant does not say merely that the divorce and custody Decree of March 3, 1949, was erroneous, but says that it is completely void. She is not asking the Court to review or reconsider its former action and amend, modify or set aside the Decree because of newly discovered evidence or errors in the application of law or the determination of fact, but is asking the Court to recognize the Decree for what it is, a complete nullity and of no force or effect in law or equity. It is appellant's contention that such Decree is not merely voidable but is completely void, and that its legal and equitable import is the same as if it had not been rendered at all."

What then was the proper action to be taken to bring this contention before the court? Our leading case on procedure in matters of this kind is Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116, 119, where it was said,

"It is well settled that where a decree has been rendered which is void on the face of the record, the court rendering it possesses the inherent power, and should, *on motion,* vacate said decree." "There seems to be no conflict in our cases as to the proper mode of review where the trial court has refused to vacate the original decree. The remedy is by appeal. [Italics supplied.]

In our recent case of Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915, 917, we quoted from Ford v. Ford, 218 Ala. 15, 117 So. 462, partially as follows:

"'A court of record has inherent power to vacate a decree or other record when void upon its face—this to preserve the dignity of its own records, prevent injustice, and abuse of process. This may be done by *original motion* at any time. No notice of same is required. An appeal lies from the ruling upon such *motion* on behalf of an aggrieved party. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184. * * *.'"

See Capps v. Norden, Ala.Sup., 75 So. 2d 915 [1]; Constantine v. Constantine, 261 Ala. 40, 72 So.2d 831; Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782.

■ We think it is farfetched to call the appellant's pleading in this case a motion. But let us assume that the final clause of the pleading, "and that your Honor will grant to Petitioner such other, further or different relief as may appear to the Court to be meet and proper," would permit it to be considered as a motion, still there is no ruling on the motion or an appeal therefrom. Here the appeal is from the decree sustaining demurrers to the "motion."

■ This is in no sense a final decree under Code of 1940, Title 7, § 754, nor is it such an interlocutory decree as covered by Title 7, § 755, and will not, therefore, support an appeal. Holland v. Dwight Mfg. Co., 231 Ala. 506, 165 So. 756. For analogous cases see Ramsey v. Wilkins, 253 Ala. 614, 46 So.2d 407; Reid v. Williams, 250 Ala. 602, 35 So.2d 496; Sims v. Sims, 250 Ala. 494, 35 So.2d 89; Gant v. McCarty, 242 Ala. 350, 6 So.2d 17.

To consider the pleading as a petition is of no avail, because it is not a bill in equity and the decree on demurrer does not fall within § 755, Title 7. What was said in Hicks v. Ward, 240 Ala. 236, 198 So. 705, 706, is applicable here: "The decretal order sustaining the demurrer to the petition is not a final decree, nor is it such interlocutory decree as will support an appeal." See McGregor v. McGregor, 250 Ala. 662, 35 So.2d

1. 261 Ala. 676.

685; Willingham v. Hood, 242 Ala. 686, 8 So.2d 181; Gant v. McCarty, supra.

■ This being a question of jurisdiction, the appeal must be dismissed ex mero motu. Holland v. Dwight Mfg. Co., supra; 2 Alabama Digest, Appeal and Error, ☞ 792.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.