79 So.2d 59

Oliver MINTON

v.

SOUTHERN BELL TELEPHONE & TELE-GRAPH CO. (City of Gadsden, Intervener).

7 Div. 226.

Supreme Court of Alabama.

March 31, 1955.

Edw. B. Miller, Roy D. McCord and Rowan S. Bone, Gadsden, for appellant.

Copeland & Copeland, Gadsden, for appellee-intervener.

STAKELY, Justice.

This case involves procedure in an intervention in an equity suit. As pointed out in Grace v. Birmingham Trust & Savings. Co., 257 Ala. 507, 59 So.2d 595, 605, intervention in an equity case is regulated by the provisions of Equity Rule 37, Code of 1940, Title 7, Appendix.

The original bill of complaint was filed by Oliver Minton (appellant here). This bill sought to enjoin the Southern Bell Telephone and Telegraph Company, a corporation, from discontinuing telephone

service at 218 South Third Street in the City of Gadsden, Alabama. When the bill was filed the court issued a temporary injunction enjoining Southern Bell Telephone and Telegraph Company from discontinuing the telephone service in question.

The City of Gadsden, a municipal corporation, filed a motion in the aforesaid cause seeking leave of the court to file a petition of intervention. A copy of the petition of intervention sought to be filed was attached to the motion. The court ordered that a copy of the motion with the attached petition be served on Oliver Minton and Southern Bell Telephone and Telegraph Company and set the motion for hearing on November 5, 1953

The motion seeking leave to intervene set forth that petitioner was an interested party in the litigation sought to be settled in the cause, that petitioner's interest might not be adequately represented by the existing parties to the cause and that petitioner's interest might be prejudiced or adversely affected by a decree in the cause. The prayer of the motion was that the attached petition be permitted to be filed.

On the hearing the court entered the following order: "The foregoing demurrer to City of Gadsden, etc., amended motion are hereby overruled and leave is granted to said City of Gadsden, etc., to intervene and file its petition in Case No. 7638, and Plaintiff excepts."

The appeal in the case at bar is from the aforesaid decree.

■ In Grace v. Birmingham Trust & Savings Co., supra, this court held that Equity Rule 37, referred to above, contemplates "that before the petition for intervention can properly be filed, leave of the court to file it must be obtained by making a motion to be permitted to file the petition and notice given to the parties that a hearing will be had on the motion as the trial court shall prescribe." Ex parte Gray, 157 Ala. 358, 47 So. 286, and Weller & Sons v. Rensford, 164 Ala. 312, 51 So. 344, are cited as supporting the view of the

court. This opinion clearly shows that the proper procedure under Equity Rule 37 aforesaid is first to file a motion for leave to intervene and if leave to intervene is granted, a petition for intervention should be filed. In other words, there is a clear difference between a motion for leave to intervene and the bill or petition for intervention.

In Ramsey v. Wilkins, 253 Ala. 614, 46 So.2d 407, 410, a motion to intervene was filed, the petitioner asking that he be allowed to file a petition to intervene. Just as in the case at bar, attached to the motion was a copy of the petition to intervene. As in the case at bar, the court overruled demurrers to the petition or motion to intervene and showed that was the only ruling before the court. The court further went on to hold that such a decree is neither a final decree within the purview of § 754, Title 7, Code of 1940, nor an interlocutory decree within the purview of § 755, Title 7, Code of 1940, and therefore will not support an appeal.

■ The appellant lays stress on the following language of the court in Ramsey v. Wilkins, supra: "We are not to be understood as holding that an appeal will not lie from a decree sustaining or overruling a demurrer to a bill of intervention." This clearly shows that the court understands that there is a difference between a petition or motion asking for leave to intervene and a bill for intervention. We note that the expressions "motion for leave to intervene" and "petition for leave to intervene" appear to be used interchangeably. We say this because demurrer does not lie to a motion unless authorized by rule or statute. Dulin v. Johnson, 216 Ala. 393, 113 So. 397; Linn v. Linn, 242 Ala. 688, 8 So.2d 187. Equity Rule 37 does not contain such authorization.

■ Under the principle laid down in Ramsey v. Wilkins, supra, it is obvious that in the instant case we have nothing before us but a ruling on a demurrer to a motion or petition for leave to intervene. The decree appealed from in the instant case is not an appealable decree either under §

754, Title 7, Code of 1940, nor is it an appealable decree under § 755, Title 7, Code of 1940. We have often held that an appeal is the creation of a statute and where there is no statute authorizing an appeal, an appeal does not lie and this court has no jurisdiction. McGregor v. McGregor, 250 Ala. 662, 35 So.2d 685; Devane v. Smith, 216 Ala. 177, 112 So. 837.

It necessarily follows that the appeal in the instant case must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.