95 So.2d 397

Andrew TARVIN et al.

v.

Pearl TARVIN.

I Div. 712.

Supreme Court of Alabama.

May 23, 1957.

Beebe & Swearingen and C. LeNoir Thompson, Bay Minette, for appellants.

Telfair J. Mashburn, Jr., Bay Minette, and J. Terry Reynolds, Jr., and Wm. R. Lauten, Mobile, for appellee.

GOODWYN, Justice.

On December 12, 1953, Pearl Tarvin, the widow of Jeff Tarvin who died intestate in Baldwin County, Alabama, on December 16, 1945, filed in the probate court of Baldwin County a petition seeking her appointment as administratrix of said decedent's estate. Pursuant to said petition letters of administration were granted to her on December 12, 1953. On December 31, 1953, she filed in the circuit court of Baldwin County, in equity, a petition for removal of the administration to that court. On February 9, 1954, such order for transfer was entered. On April 17, 1954, Pearl Tarvin filed in the equity court a petition to have her widow's exemption set apart to her. This petition was amended on April 14, 1955, and again on September 7, 1955.

On January 28, 1956, the court appointed three commissioners and appraisers to appraise and set apart the claimed exemptions. On July 12, 1956, the commissioners and appraisers made their report. On July 23, 1956, the heirs of Jeff Tarvin filed exceptions to the report. On November 6, 1956, Pearl Tarvin moved to strike said exceptions. On December 7, 1956, she also demurred to "the alleged contest" and exceptions. On December 11, 1956, a decree was entered sustaining said demurrer and allowing "the contestants * * * 20 days in which to file additional pleadings." It is from that ruling that this appeal is brought by some of the heirs.

The right to appeal is purely statutory, and an appeal taken without statutory authority must be dismissed for want of jurisdiction. American Life Ins. Co. v. Powell, 259 Ala. 70, 65 So.2d 516; Clary v. Cassels, 258 Ala. 183, 61 So.2d 692; Skinner v. Phillips, 257 Ala. 138, 57 So.2d 515; McGregor v. McGregor, 250 Ala. 662, 35 So.2d 685; Sicard v. Ingalls, 250 Ala. 585, 35 So.2d 342; Johnson v. Barnes, 250 Ala. 292, 34 So.2d 144, 145; Devane v. Smith, 216 Ala. 177, 112 So. 837; Nelson v. Cornelius, 208 Ala. 688, 95 So. 170; Coker v. Fountain, 200 Ala. 95, 75 So. 471; 4 C.J.S. Appeal and Error § 18, p. 81. We find no statutory authority to support the appeal in this case; hence, we have no alternative but to dismiss it.

The only statutory authority for appeals from interlocutory decrees in equity is that given by § 755, Tit. 7, Code 1940. It is there provided that an appeal lies "from any decree rendered by the circuit court in equity cases, sustaining or overruling a demurrer to a bill in equity, or to a cross-bill, * * * to be taken within thirty days from the rendition thereof to the supreme court." Clearly, the exceptions filed to the report of the commissioners and appraisers is not "a bill in equity" or "a cross bill" within the meaning of those terms as used in § 755. Nor is the decree appealed from in any sense a "final decree" under § 754, Tit. 7, Code 1940.

The question being one of jurisdiction, the appeal must be dismissed ex mero motu. Vaughan v. Vaughan, 262 Ala. 20, 22, 76 So.2d 157; Willingham v. Hood, 242 Ala. 686, 688, 8 So.2d 181; Hicks v. Ward, 240 Ala. 236, 237, 198 So. 705; Holland v. Dwight Mfg. Co., 231 Ala. 506, 507, 165 So. 756; Devane v. Smith, 216 Ala. 177, 178, 112 So. 837.

Appeal dismissed.

LAWSON, STAKELY and MERRILL, JJ., concur.