109 So.2d 713

Harmon H. JONES

v.

Sidney R. STYLES.

6 Div. 262.

Supreme Court of Alabama.

Feb. 19, 1959.

St. John & St. John, Cullman, for appellant.

Julian Bland, Cullman, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling a demurrer to a bill in equity filed by Sidney R. Styles (appellee against Harmon H. Jones (appellant). The bill seeks specific performance of an option to repurchase an interest in an insurance agency.

The allegations of the bill show in substance the following. For sometime prior to the 6th day of May, 1957, the appellant and appellee were engaged as partners in the business of "general insurance" under the firm name of Cullman Insurance Agency. This partnership was terminable at the will of either party. On May 6, 1957, the partnership was dissolved by a written agreement and the appellant continued the business as an individual. However, in the agreement dissolving the partnership, the appellee was given a six months' option to repurchase one-half interest in the Cullman Insurance Company. A copy of this contract is attached to the bill, marked Exhibit A thereto and made a part of the bill. A copy of this contract will appear in the report of the case.

1. Where there is no time fixed by contract for the continuance of the partnership, the partnership is a partnership at will, which can be terminated at any time at the will of either partner. Ramsey v. Wilkins, 253 Ala. 614, 46 So.2d 407; Moody v. Myers, 265 Ala. 435, 91 So.2d 686; § 33, Title 43, Code of 1940.

Ordinarily an agreement to enter into a partnership at will or for an indefinite period will not be enforced in equity, since such partnership may be immediately dissolved by either party and the courts will not willingly do a futile thing. 81 C.J. S. Specific Performance § 15, p. 438; 81 C.J.S. Specific Performance § 81, p. 590.

Paragraph 3 of the contract provides for an option to repurchase one-half interest in the Cullman Insurance Agency. It is insisted that if the contract is carried out, it will in effect create a partnership at will in the Cullman Insurance Agency between appellant and appellee. Nowhere in the agreement is there mentioned a duration of time during which the proposed partnership be continued. It is, therefore, argued by the appellant that specific performance should not be granted since the new partnership may be immediately dissolved by either party and the court should not do a futile thing.

Upon a consideration of the matter, however, we do not agree with the contention of appellant. Within the six months' period provided in the contract the appellee notified the appellant in writing that he wanted to exercise his option to repurchase one-half interest in the insurance agency. The appellant refused to allow the appellee to repossess his one-half interest, even though the appellee stood ready, willing and able to perform the provisions of the contract. While neither party to a contract is entitled to specific performance as a matter of right and the granting or withholding of specific performance is a matter within the court's sound judicial discretion controlled by certain rules and principles, in view of the special features and incidents of the present case, we think that specific performance should be granted. Owens v. Cunningham, 266 Ala. 203, 95 So.2d 74; Cowin v. Salmon, 244 Ala. 285, 13 So.2d 190.

In the present case the agency is already in existence and is a going concern. It includes among its assets all rights or claims of ownership of the business, all furniture in the Cullman Insurance Company office, including filing cabinets, tables, chairs, desks, typewriters, adding machines etc., and also 450 shares of Dixie Insurance Company stock. The authorities while meager seem to make it clear that even though the partnership being at will may be immediately dissolved by either party, nevertheless a decree ordering the execution of partnership articles will nevertheless be made if necessary to invest a partner

598

with the legal rights for which he had entered into the partnership, although after the articles are executed, the parties cannot be compelled to act under them. 81 C.J.S. Specific Performance § 15, pp. 438–439. In this connection the court in Satterthwait v. Marshall, 4 Del.Ch. 337, at page 355, said:

" * * * It is a principle, running through the cases before cited, that under a covenant for the execution of an instrument preparatory to, or in any way connected with a partnership by which the legal position of the parties would be altered, the party covenanted with ought to be placed, by the execution of the instrument, in the legal position agreed upon,—that he should be clothed with the legal rights stipulated for; and to this extent a court of equity will aid him, even though the partnership, being at will, may be immediately dissolved, or may not be formed. * * *."

In Whitworth v. Harris, 40 Miss. 483, at page 491, the court in referring to the endurance of a partnership contract said:

" * * * In many such cases, though the partnership could be immediately dissolved, the performance of the agreement (like the execution of a lien after the expiration of the term) might be important, as investing the complainant with the legal rights for which he contracted. Gow on Partnership, page 110, 111. And in the case of Birchett et al. v. Bolling, 5 Munf.R. [Va.] page 442, an agreement of this character was decreed to be performed. Mr. Story in his work on partnership lays down the same doctrine, and with the qualification as stated by Mr. Gow. Story on Partnership, section 189, and notes, page 286."

We conclude that the court acted correctly in overruling the demurrer to the bill of complaint and each aspect thereof.

Affirmed.

SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.